## McKenna v. Hoy.

1. **Instructions:** AS TO FACT ADMITTED. In an action for the price of a team, where defendant in his answer admitted that he gave a note for the team, and received plaintiff's note for the difference between the note given and the value of the team, *held* that this was an admission that the value of the team was the difference between the notes, and justified the court in instructing the jury that if they found for plaintiff his measure of damages would be that difference.

2. **Appeal:** ERROR WITHOUT PREJUDICE. An erroneous instruction which does not appear to be prejudicial to the appellant is no ground for reversal.

3. **Instruction:** SUBMISSION OF WHOLE CASE. A direction to the jury to "consider the whole case under the evidence and law as herein given you, and return such a verdict as you think right," *held* not objectionable

4. **Estoppel:** CONDUCT NOT AMOUNTING TO. One who treats as his own a note given to him to hold until a new note is procured and delivered to him in its stead, in payment for property sold, as agreed by the purchaser of the property, is not thereby estopped from asserting that he did not take the note in absolute payment for the property.

*Appeal from Humboldt Circuit Court.*—Hon. J. H. MACOMBER, Judge.

FILED, DECEMBER 21, 1888.

ACTION to recover the purchase price of a span of horses sold by plaintiff to defendant. There was a verdict and judgment for plaintiff. Defendant appeals.

*A. E. Clarke,* for appellant.

*M. D. O' Connell,* for appellee.

BECK, J.—I. The petition alleges that plaintiff sold and delivered to defendant a span of horses for the agreed price of $184. It was agreed that defendant should, in

payment of the horses, deliver to plaintiff a note signed by one Goodard, on which $219 was due, and procure a new note to be executed by Goodard, and indorsed by the payee, in the place of the old one. The plaintiff executed to defendant his note for thirty-five dollars, being the difference between the price of the horses, $184, and the face of the note, $219. It is alleged that defendant has failed and refused to procure the new note, and to pay for the team, and has otherwise failed to perform his contract. The defendant, in his answer, denies generally the allegations of the petition, and especially denies that he undertook to get a new note from Goodard. He makes the following allegation in his answer: "Defendant says that at the date of the transaction referred to he bought of the plaintiff a team of horses, and in payment therefor sold and delivered to plaintiff the note made by Goodard, referred to, and plaintiff accepted and received the same in full payment for said team, and gave his own note for thirty-five dollars to defendant for the difference in price between the said team and the amount of said note."

II. The circuit court gave certain instructions to the jury, which are now made the grounds of errors assigned, wherein the jury are directed, in substance, that, if they find plaintiff entitled to recover, the measure of his recovery is $184, the price agreed upon for the horses, as determined by deducting from the amount due on the note, $219, the amount of the note given by plaintiff to defendant, thirty-five dollars. It is insisted that these instructions are erroneous, for the reason that they instruct upon a question of fact mainly,—the value of the team,—which should determine plaintiff's measure of recovery. We think the instructions are correct. The portion of the answer recited above contains the admission of defendant that the price of the team is determined by the difference between the amount of the note given by plaintiff ($35) and the sum due on the Goodard note. This is a fair admission of the price of the team as fixed in the

1. INSTRUCTIONS: as to fact admitted.

contract of sale, which should determine the measure of plaintiff's recovery.

III. An instruction as to the liability of an indorser upon the note is complained of by counsel. If we should concede that the instructions are erroneous, we could not reverse the judgment, for we are unable to say that prejudice to any extent resulted to defendant therefrom. Counsel do not point out any prejudice which could result to defendant.

2. APPEAL: error without prejudice.

IV. The court directed the jury to "consider the whole case under the evidence and law as herein given you, and return such a verdict as you think right." The instruction is correct. The jury are told in substance to return such a verdict as they, under the evidence and law, regard correct.

3. INSTRUCTION: submission of whole case.

V. It is insisted that the verdict is in conflict with the proof. We think that the most that can be said is that the evidence is conflicting. In such a case we cannot interfere. It is insisted that plaintiff is estopped to deny that he became the absolute owner of the note delivered to him, for that he treated it as his property, and claimed the ownership thereof. It was delivered to him to be held until the new note should be obtained by defendant. He had possession of this note, and a special property therein, and was authorized to treat and speak of the note as belonging to him. It is in fact his until the note is given which shall take its place. Because he claims his right as the owner and custodian of the note, defendant cannot claim to be discharged from the obligation of his contract. We think there is no ground for disturbing the verdict as being unsupported by the evidence. The judgment of the circuit court is

4. ESTOPPEL: conduct not amounting to.

AFFIRMED.